UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALLOUREC TUBOS DO BRASIL S.A., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-CV-03698 |
| | § | |
| PDVSA SERVICES, INC. AND BARIVEN, S.A., | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Before the Court is defendant PDVSA's motion to dismiss. Dkt. 13. All parties consent to magistrate judge jurisdiction. Dkt. 19. After considering the motion, responses, and law, the motion to dismiss is granted.

## Background

Vallourec entered into an agreement with PDVSA as the agent for purchaser Bariven to sell carbon steel casing. Dkt. 1 at 3. Vallourec delivered the product in accordance with the agreement. *Id.* Vallourec alleges that PDVSA and Bariven have failed to pay an outstanding balance on the account. PDVSA now brings this Rule 12(b)(6) motion to dismiss all claims against it.

## Standard of Review

In reviewing a pleading under Rule 12(b)(6), the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). However, only facts are entitled to an assumption of truth; legal conclusions unsupported by factual allegations do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "While a

complaint attached by a Rule 12(b)(6) motion to dismiss does not need to detail factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

PDVSA contends that the allegations are insufficient because they do not allege that PDVSA was a party to the contract at issue, and there are no specific allegations against it. In response, Vallourec contends that the agreement is facially ambiguous as to which entity is bound (Dkt. 10 at 5), and so extrinsic evidence should be considered in deciding the issue.[1]

However, the agreement unambiguously establishes PDVSA's role as agent.[2] The address block on the agreement says "Bariven, S.A., c/o PDVSA Services, Inc., Purchasing Agent." Dkt. 1-1 at 2. The purchase order defines "agent" as "PDVSA Services Inc. in its capacity as agent for "Purchaser," with "purchaser" defined as "Bariven S.A." *Id.* at 3. Consistent with the agent-principal relationship, Bariven is the

---

[1] Vallourec also contends that PDVSA is actually the alter ego of Bariven and acted on its own accord. Dkt. 10 at 6. Vallourec's complaint does not allege an alter ego theory of liability against PDVSA, nor any facts supporting such a theory. It is not properly before this Court for purposes of this motion to dismiss. *In re Baker Hughes Securities Litigation*, 136 F.Supp.2d 630, 646 (S.D. Tex. 2001).

[2] The agreement in question is attached to Vallourec's complaint. Dkt. 1-1. Since a Rule 12(b)(6) inquiry is restricted to the contents of the pleadings, including attachments thereto," the Court's consideration of the agreement is appropriate. *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

only party entitled to make changes on the order (*Id.*), and the only party responsible for payment (*Id.* at 4). The agreement closes with the signature "Bariven, S.A. – C/O PDVSA Services, Inc., Purchasing Agent." *Id.* at 20. Vallourec even admits in its complaint that PDVSA is Bariven's agent. *See* Dkt. 1 at 3.

"When an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal, (1) the principal and the third party are parties to the contract; and (2) the agent is not a party to the contract unless the agent and the third party agree otherwise." Restatement (Third) of Agency § 6.01 (2006). The agent can be liable on the contract, however, if its actions breach an independent duty. *Westmoreland v. Sadoux*, 299 F.3d 462, 466-67 (5th Cir. 2002). Plaintiff asserts no facts in the complaint that could lead the court to believe that PDVSA is liable for the misconduct alleged. Without any allegation that PDVSA can be held liable for Bariven's alleged breach of contract, the claims cannot proceed. *See Pension Advisory Group, Ltd. v. Country Life Ins. Co.*, 771 F. Supp. 2d 680, 705 (S.D. Tex 2011).

## Conclusion

For the reasons above, Defendant PDVSA's motion to dismiss is granted.

Signed at Houston, Texas, on June 21, 2017.

Stephen Wm Smith
United States Magistrate Judge