United States District Court
Southern District of Texas
**ENTERED**
December 11, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| VALLOUREC TUBOS DO BRASIL S.A., | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 4:16-3698 |
| v. | § | |
| | § | |
| PDVSA SERVICES, INC. and BARIVEN, S.A., | § | |
| *Defendants*. | § | |
| | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the court is Vallourec Tubos do Brasil S.A.'s motion for final default judgment. (Docket Entry No. 24.) This case was referred to the magistrate judge for findings and recommendation pursuant to 28 U.S.C. § 636(b)(1) (2018). (Docket Entry No. 25.) Having carefully considered the motion, filings, and applicable law, the court recommends that the motion be granted and that final default judgment be entered against Bariven, S.A.

### I.     Background and Procedural Posture

According to the Complaint (Docket Entry No. 1), Vallourec, a Brazilian company, entered into a contract with Bariven, a Venezuelan company, to sell carbon steel casing. PDVSA, a Delaware corporation, acted as Bariven's agent. Attached to the Complaint as Exhibit A is the Purchase Order, which contains the terms and price

upon which Vallourec would deliver the casing and the specifications for the casing to be delivered. Attached as Exhibit B to the complaint is the invoice that Vallourec submitted to Bariven stating that the casing had been delivered and requesting payment, including freight costs, in a total amount of $1,700,035.43.

According to the Complaint, Vallourec delivered the casing on time and in compliance with the terms of the purchase order. Vallourec alleges in the complaint that Bariven did not complain about the casing or otherwise dispute the amount owed. The complaint alleges that Bariven did not, and refuses to, pay the invoice. Vallourec alleges that Bariven owes $1,700,035.43, not including interest, late charges or costs of collection, and attorney's fees.

The court granted PDVSA's motion to dismiss on June 21, 2017. (Docket Entry No. 21.) Bariven is the only remaining defendant. As will be discussed below, Bariven has been served but has not answered or otherwise defended itself in this action.

## II.    Analysis

Rule 55 permits the entry of a default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R. Civ. P. 55(a). A default judgment "is a judgment on the merits that conclusively establishes the defendant's liability." *U.S. for Use of M-Co Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The party seeking default judgment must receive both an entry of

default and a subsequent judgment against the defaulting defendant. Fed. R. Civ. P. 55.

### A. Defendant Has Defaulted

"A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules [of Civil Procedure]." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis omitted); Fed. R. Civ. P. 55(a).

Vallourec has presented evidence that it complied with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Convention"). (Docket Entry No. 24-1.) Specifically, Vallourec hired a process server who sent the Summons, Complaint, and this court's Request for International Judicial Assistance (Docket Entry No. 12) to the Central Authority of Venezuela. The documents are shown to have been delivered on December 11, 2017. (Docket Entry No. 24-1 at 8.) There is no evidence that the Central Authority rejected the request for service of documents. The Central Authority was required to serve the documents pursuant to Article 5 of the Hague Convention. *See* 20 U.S.T. at 362, art. 5.

The Venezuelan Central Authority did not confirm service of the documents, as is required under Article 6 of the Hague Convention. *See* 20 U.S.T. at 362, art. 6. Under these circumstances, Article 15 of the Hague Convention permits entry of default "even if no certificate of service or delivery has been received," provided three

conditions are met. *See* 20 U.S.T. at 364–65, art. 15. It must be shown that first, the document has been transmitted by a method provided for in the Hague Convention; second, a period not less than six months has elapsed since the transmission of the document; and third, no certificate of any kind has been received, even though every reasonable effort has been made to obtain it. *Id.*

Vallourec sent the appropriate documents to the Venezuelan Central Authority by Fed-Ex, and nearly a year has elapsed since the Venezuelan Central Authority received the request for service of process. Vallourec's process server sent three separate letters requesting an update on the status of service, but there was no response. (Docket Entry No. 24-1 at 9–11.) Entry of default is therefore appropriate.

### B. Entry of Default Judgment is Appropriate

A party seeking default judgment is not entitled to it "as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). There must be greater reason to grant the default judgment than the defendant's mere failure "to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," and so these allegations are taken as true at default judgment. *Id.*

Courts consider these six factors to determine whether entry of default judgment is appropriate:

1) Whether material issues of fact exist;
2) Whether there has been substantial prejudice;
3) Whether grounds for default are clearly established;
4) Whether default was caused by a good faith mistake or excusable neglect;
5) The harshness of a default judgment; and
6) Whether the court would be obliged to set aside the default on defendant's motion.

*China Int'l Marine Containers (Grp.) Ltd. V. Jiangxi Oxygen Plant Co.*, No. 4:15-CV-1887, 2017 WL 6403886 at *2 (S.D. Tex. Feb. 15, 2017) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

Taking the facts set forth in the complaint as true, there are no material issues of fact. The Complaint establishes a clear breach of contract. The parties agreed to a sale of casing, and Bariven, the buyer, failed to pay for goods received. Vallourec has been prejudiced. It delivered the casing, and it has not been paid. As discussed above, the grounds for default are clear. There is no evidence of a good faith mistake. Default is not a harsh remedy in this case, given that Bariven owes a sum certain for valuable goods that it presumably has already made use of. There is no reason before the court that it would have to set aside the default upon Bariven's motion.

Exhibits A and B to the complaint show that casing was ordered and delivered, but it was not paid for. The price including freight charges is $1,700,035.43. Plaintiff is entitled to damages under the contract in that amount.

Pursuant to Tex. Civ. Prac. & Rem. Code § 38.002, Vallourec is entitled to attorney's fees for the time counsel spent pursuing its claims against Bariven. Vallourec is represented by counsel, the claim for payment was presented to Bariven by way of invoice, and Bariven has not tendered payment within thirty days of its receipt of the invoice. Vallourec has submitted a Supplemental Affidavit in Support of Request for Attorney's Fees (Docket Entry No. 27), which the court has carefully considered. The court is not persuaded that Vallourec is entitled to attorney's fees for the 8.4 hours that counsel spent litigating PDVSA's successful motion to dismiss. (Docket Entry No. 27 at 10.) The issues argued in the motion to dismiss did not pertain to Bariven. The court finds that the remaining hours and the billing rate are reasonable and necessary. Vallourec is entitled to $16,445 in attorney's fees (59.8 hours x $275/hour).

Pursuant to Fed. R. Civ. Pro. 54(d), Vallourec, as the prevailing party, is entitled to its costs. Vallourec has provided proof of $4,102.17 in costs ($552.17 from Docket Entry No. 27, and $3,550 from Docket Entry No. 24-7).

### III. Conclusion

For these reasons, the court recommends that Vallourec's motion for default judgment be granted. The court recommends that default judgment be entered against Defendant Bariven, S.A. in the following amounts:

    i.     Liquidated damages in the amount of $1,700,035.43, with post-judgment

interest at the applicable federal rate;

ii.     Attorney's fees and court costs in the amount of $ 20,547.17.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Fed. R. Civ. P. 72.


Signed at Houston, Texas on December 10, 2018.


_____

Peter Bray

United States Magistrate Judge